**The below described is SIGNED.**

(ts)

**Dated: November 30, 2006**

_____
**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**

_____

*Order prepared by:*
J. Vincent Cameron, Bar #10006
Office Chapter 13 Trustee
Scott T. Blotter, Bar #6185
47 West 200 South, Suite 600
Salt Lake City, Utah  84101
Telephone:  (801) 415-0222
Facsimile:   (801) 415-0233
trusteemail@ch13jvc.com

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>CLIFFORD CHARLES LOSEE and IRENE LOSEE,<br><br>Debtors. | Case No.  06T-23049<br><br>Chapter 13         Filed Electronically<br><br>Judge William T. Thurman<br><br>(*Confirmation Hearing Date:  October 24, 2006*) |

### ORDER CONFIRMING DEBTORS' CHAPTER 13 PLAN
### FOLLOWING CONTESTED CONFIRMATION HEARING

Confirmation of the Debtors' Chapter 13 plan came on for a hearing on October 24, 2006.  At such hearing, J. Vincent Cameron, Chapter 13 Trustee, appeared personally or by counsel, and the Debtors and/or the Debtors' attorney appeared on the record.

At the hearing, the Trustee either recommended confirmation of the Debtors' plan, or the Court confirmed the plan over the Trustee's objection, because the Court ruled that the plan complied with the requirements of 11 U.S.C. §§ 1322 and 1325.  Based on the Court's review of the case, the representations of the Trustee and Debtors' counsel, and the evidence presented at the hearing, the Court finds that notice was proper, that the Debtors proposed the plan in good

**Filed: 11/17/06**

faith, and that the plan satisfies the requirements for confirmation. Therefore, IT IS HEREBY ORDERED AS FOLLOWS:

## CONFIRMATION OF THE PLAN

1. The Debtors' Chapter 13 plan filed on October 23, 2006, as modified by this Order, is confirmed pursuant to 11 U.S.C. § 1325 (hereinafter the "Plan"). Upon entry of this Order, the effective date of confirmation shall relate back to the date of the confirmation hearing.

2. The Court's determination that the Debtor's Plan complies with 11 U.S.C. §1322(d) and §1325(a)(6) is **preliminary** pending completion of the claims review. Confirmation of the Plan is not a binding determination that this Plan complies with Sections 1322(d) and 1325(a)(6). The Trustee shall serve upon the Debtors and their attorney a Notice of Non-Compliance with 11 U.S.C. §§1322(d) and 1325(a)(6), if, after review of the claims, the Trustee determines that the Plan does not comply with 11 U.S.C. §§ 1322(d) and 1325(a)(6). The Debtor shall have 30 days from the service of the motion to file either objections to claims or a motion to modify the plan in order to bring the plan into compliance with Sections 1322(d) and 1325(a)(6). If the Debtor fails to take steps necessary to comply with Sections 1322(d) and 1325(a)(6) within such 30 day period, the Court may dismiss or convert the case upon Motion by the Trustee.

## PLAN PAYMENTS

3. The Debtors shall make Plan payments to the Trustee pursuant to the following terms and conditions:

    a. The Debtors shall make Plan payments to the Trustee of $700.00 per month on or before the 25th day of each month. Debtors shall continue to make such payments to the Trustee for a period of not less than 36 months, but not longer than 60 months, from the date the first payment came due under the Plan pursuant to 11 U.S.C. § 1326(a). In any event, the Debtors shall continue to make such payments to the Trustee in an amount equal to 36 payments of $700.00, as directed above, or until such time as non-priority, unsecured claimholders receive no less than a 6% return on their allowed claims, whichever amount of payments is greater.

    b. Unless otherwise ordered by the Court, or unless the Plan provides for a 100% return plus interest to creditors, the Debtors shall pay into the Plan the aggregate amount of yearly state and federal tax refunds that exceed $1,000.00 that the Debtors receives or becomes entitled to receive during the three-year period starting with the filing of the

bankruptcy petition.  On or before April 30 of each year that falls within this three-year period, the Debtors will provide the Trustee with a copy of the first two pages of both state and federal tax returns.  If the total amount of both federal and state tax returns for that year exceeds $1,000.00, the excess shall be paid into the Chapter 13 Plan no later than June 30 of that year.  However, the Debtors shall not be obligated to pay over tax refunds that have been properly offset by a taxing authority.  Tax refunds paid into the Plan may reduce the overall Plan terms if it is greater than thirty-six months, but in no event shall the amount paid into the Plan be less than thirty-six Plan payments **plus** all tax refunds in excess of $1,000.00 during the three-year period described above.

## ATTORNEY'S FEES

4.  Counsel for the Debtors is hereby awarded fees and costs in the total amount of $2,750.00 as an administrative claim under 11 U.S.C. § 503(b).  Pursuant to the Bankruptcy Rule 2016 Statement filed in this case, counsel received a prepetition retainer of $0.00; therefore, the balance of $2,750.00 will be paid through the Plan pursuant to paragraph four of the Plan.

## PAYMENT OF CLAIMS

5.  As soon as practicable after entry of the confirmation order, the Trustee shall commence disbursement pursuant to the Plan and the terms of this order on the the trustee's percentage fee provided pursuant to 28 U.S.C. § 586, the allowed attorneys fees; and filed and allowed secured claims.  The Trustee shall only disburse on secured claims if <u>all</u> of the following conditions are met:

   a.  The Plan specifically provides that the Trustee shall disburse on the secured claim;

   b.  The secured claim is allowed under 11 U.S.C. §§ 502(a) and 506(a), meaning the secured creditor has appropriately filed a proof of claim, or the claim has been allowed by an order of the Bankruptcy Court; ***and***

   c.  There is no pending objection or motion to such proof of claim under Bankruptcy Rules 3007 (objection to claim) or 3012 (motion to value security).

6.  The Debtors' Plan provides for the valuation and treatment of the secured claim of Center One, secured by 2003 Mitsubishi automobile who did not file an objection to the Plan.  Therefore if the creditor files a timely proof of claim, such claim shall be paid through the Plan as an allowed secured claim in the lesser amount of the amount of the filed secured claim or the

plan amount of $9,000.00, together with interest thereon at the rate of 7.00% per annum. The unsecured balance of such claim will be determined based on any filed, and allowed proof of claim of Center One or by subsequent order of the Court. Center One shall be paid adequate protection payments of $224.88 per month as a portion of each monthly payment to the Trustee, beginning with the first payment received at the first meeting of creditors and each payment due prior to confirmation.

7. The Debtors' Plan provides for the valuation and treatment of the secured claim of Wells Fargo Bank, secured by 1998 double wide mobile home who did not file an objection to the Plan. Therefore if the creditor files a timely proof of claim, such claim shall be paid through the Plan as an allowed secured claim in the lesser amount of the amount of the filed secured claim or the plan amount of $16,000.00, together with interest thereon at the rate of 7.00% per annum. The unsecured balance of such claim will be determined based on any filed, and allowed proof of claim of Wells Fargo Bank or by subsequent order of the Court. Wells Fargo Bank shall be paid adequate protection payments of $399.79 per month as a portion of each monthly payment to the Trustee, beginning with the first payment received at the first meeting of creditors and each payment due prior to confirmation.

8. Except as otherwise provided in paragraphs six and seven above, the amount to be paid by the Trustee on secured claims provided for by the plan shall be determined by the amount of the allowed claim, not by the amount specified in the plan. The plan's interest rate will control. The terms of payment will be as otherwise specified by the plan.

9. With respect to allowed claims other than secured claims, the amount of the allowed claim will be as determined through the claims allowance process, not as specified in the plan, but the interest rate, percentage of payment and other payment terms for such other allowed claims will be as specified in the plan.

10. All allowed unsecured priority claims under 11 U.S.C. § 507 will be paid in full through deferred cash payments pursuant to 11 U.S.C. § 1322(a)(2).

11. Within 60 days following the expiration of the governmental unit claims bar date set pursuant to Fed. R. Bankr. P. 3002(c)(1), the Debtors shall file with the court and serve on the Trustee a declaration that all claims have been reviewed and any necessary objections have been filed and noticed for a hearing. Within 120 days following the expiration of the governmental unit claims bar date set pursuant to Fed. R. Bankr. P. 3002(c)(1), the Trustee shall file and serve

upon all parties a claim report which will include a list of claims filed in the case, the amount of such claims, and their treatment under the confirmed Plan (allowed, disallowed, secured, priority, etc), a projected schedule of debtor payments, disbursements to creditors, and the estimated percentage return on allowed, non-priority unsecured claims. If no objection to such claims report is filed within 30 days, the claims report shall be deemed to be incorporated into the confirmation order. If a written objection to the claim report or an objection to a claim is filed within 30 days after service of the claim report, the Trustee will file and serve an amended claim report within 30 days after resolution of the objections or motions. Any such written objection must be noticed for a hearing to be held within 30 days after the filing of the objection. If no written objection to the amended claim report is filed within 30 days after service, the amended claim report is deemed incorporated into the confirmation order. If an objection to a claim or an objection to the claim report notice is withdrawn or overruled, an amended Report will not be required.

12. Disbursements on priority and nonpriority unsecured claims will commence within 45 days after the filing of the Trustee's Claim Report referenced above, unless an objection thereto is filed, in which case disbursements will commence after the resolution of such objection.

13. All claims of creditors who did not file a proof of claim with the Bankruptcy Court or claims of creditors who filed a proof of claim after the deadline set in the *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines* shall not receive a distribution under the Plan.

## ADMINISTRATIVE PROVISIONS

14. The Trustee is granted authority to set procedures for making disbursements under the Plan. Such disbursements shall be made in a manner consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the terms of the Plan and this order.

15. The Trustee is allowed the percentage fee provided by 28 U.S.C. § 586. Any reference in the Plan to the percentage of such percentage fee is an estimate only and is subject to increase or decrease by the United States Attorney General.

16. If this case is dismissed or converted to another Chapter under the Bankruptcy Code, any Plan payments received by the Trustee prior to the entry of an order of conversion or dismissal shall be paid to creditors pursuant to the Plan, while payments received after the entry of such order shall be refunded to the Debtors. In making any final disbursement under this

paragraph, the Trustee is hereby authorized to decline to disburse funds on any unsettled, contingent, disputed, duplicate, unliquidated, late-filed or otherwise legally insufficient claim, including where a disbursement check on a claim has been returned to the Trustee by the United States Mail as undeliverable.

17. If claims objections are filed after confirmation of the plan, the Trustee will set a limit on the total amount paid to the amount listed in the objection until the Court enters an order affecting said claim; however, such objection will not affect any distribution made on this claim before the Trustee receives a copy of the objection, and any distribution made by the Trustee prior to the receipt of such objection shall be deemed to be valid and non-recoverable from the claimholder.

18. In the event an error is made in disbursements to creditors, the Trustee may, without prior notice to parties in interest, rectify such errors by any legal means including off-sets and surcharges against future disbursements in this case owing to the creditor who received the erroneous disbursement.

19. During the term of the Plan, the Debtors shall not sell or transfer property of the estate or any collateral provided for under the Plan without a Court order and without prior written notice to the Trustee. A creditor shall not accept any insurance or sale proceeds from collateral listed in the Plan unless an amended proof of claim is filed with the Court and prior written notice thereof is provided to the Trustee. If a claim entitled to a disbursement from the Trustee under the Plan is paid in full or in part from any other source, the Trustee shall still be entitled to his statutory commission on the amount that would have been disbursed by the Trustee under the Plan.

20. During the term of the Plan, the Debtor shall not incur new debt without a Court order under 11 U.S.C. § 364.

21. If after the filing and service of the Trustee's Claim report referenced above, a creditor amends its timely, allowed proof of claim, the Trustee shall give notice to the Debtors and Debtors' counsel whether such amended proof of claim, if allowed, causes the Plan to be unfeasible. If the amended claim does not render the plan unfeasible, and if the Trustee does not receive a response to the contrary from the Debtors' counsel within ten (10) days after service of such notice, the Trustee shall pay such claim in the amended amount. If the amended claim renders the plan unfeasible, the Trustee may move to dismiss the case or to modify the Plan.

22. The Trustee is hereby authorized to exercise discretion in administering this case including, but not limited to, out-of-court resolutions of postconfirmation defaults arising from the Debtors' failure to make timely Plan payments.

DATED: _____, 2006.

BY THE COURT:

_____
THE HONORABLE WILLIAM T. THURMAN
UNITED STATES BANKRUPTCY JUDGE

Approved As To Form And Content:

_____
JODY L. HOWE
Attorney for the Debtors

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Order was addressed to the following persons and deposited in the U.S. Mail, first-class postage prepaid, on the 17th day of November 2006. Pursuant to Rule 9021-(c), Local Rules of Practice of the United States Bankruptcy Court for the District of Utah, persons who appeared at the hearing, and who have not otherwise approved the Order, shall have eight (8) days from the date of service to file an objection to the form of the Order. If an objection is not timely filed, the Order shall be deemed approved, and the Court may enter the Order.

UNITED STATES TRUSTEE
ECF NOTIFICATION

CLIFFORD CHARLES LOSEE
IRENE LOSEE
9354 S 480 W
SANDY UT 84070

JODY L. HOWE
ECF NOTIFICATION

WELLS FARGO OPERATION CENTER
LOAN SERVICING PAYMENT PROCESSING
7412 JEFFERSON BLVD NE
ALBUQUERQUE, NM 87109

CENTER ONE
P.O. BOX 5169
SIOUX FALLS, SD 57117-5169

_____/s/_____
Office Chapter 13 Trustee

## COURT CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Order was addressed to the following parties and deposited in the U.S. Mail, first-class postage prepaid, on the ____ day of November 2006:

>UNITED STATES TRUSTEE
>ECF NOTIFICATION
>
>J. VINCENT CAMERON
>STANDING CHAPTER 13 TRUSTEE
>ECF NOTIFICATION
>
>CLIFFORD CHARLES LOSEE
>IRENE LOSEE
>9354 S 480 W
>SANDY UT 84070
>
>JODY L. HOWE
>ECF NOTIFICATION
>
>WELLS FARGO OPERATION CENTER
>LOAN SERVICING PAYMENT PROCESSING
>7412 JEFFERSON BLVD NE
>ALBUQUERQUE, NM 87109
>
>CENTER ONE
>P.O. BOX 5169
>SIOUX FALLS, SD 57117-5169

>CLERK OF THE COURT


>By: _____
>Deputy Clerk